United States District Court
Southern District of Texas

**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **XIUQUN LIN,** *et al.*, | § | |
| | § | |
| **Petitioners,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00662** |
| | § | |
| **ORLANDO PEREZ,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, brought by Xiuqun Lin, Xianying Hu, and Yuping Xu ("Petitioners"). (Dkt. 1.) Petitioners challenge their post-removal-order detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS) on the grounds that their detention has become indefinite in violation of the Due Process Clause of the Fifth Amendment as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 23–24.)

The Court ordered Respondents to file a response to the habeas petition on or before April 21, 2026. On April 21, 2026, Respondents filed a Stipulation to Extend Respondents' Response Deadline from April 21, 2026 to April 27, 2026, notifying the Court that Petitioners would be released from custody soon. (Dkt. 19.) After the Court extended Respondents' deadline to respond, (Dkt. 22), Respondents filed a Motion to Dismiss on April 22, 2026, claiming that the petition is moot because Petitioners were released from ICE custody on April 21, 2026. (Dkt. 25.) On April 29, 2026, Petitioners filed a reply to Respondents' Motion to Dismiss, arguing that the petition is not moot because there is still relief that the Court can grant. (Dkt. 27.)

1 / 3

While Petitioners agree that their request for release is moot, Petitioners argue that their additional requests for protection are not moot. (*Id.* at 8.) Specifically, Petitioners ask the Court to (1) "maintain its prior order that Respondents must notify Petitioners' counsel of any anticipated or planned removal of Petitioners to a third country at least ten (10) days beforehand, and also order that Respondents are to provide Petitioners' counsel with confirmation from that third country that it has agreed to accept the Petitioner, at least ten (10) days before any removal is initiated," (2) "enjoin Respondents and individuals acting in concert with them from re-detaining any Petitioner unless such detention is authorized by law, including 8 C.F.R. § 241.13; and only after a hearing before this Court concluding that there has been a material change in circumstances," and (3) order Respondents to return to Petitioners their identification documents and personal items that remain in ICE custody. (*Id.* at 9–12.)

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, release from custody may render a habeas petition moot. *See Rocha v. Mayorkas*, 579 F. Supp. 3d 923, 929 (S.D. Tex. 2022); *Lemons v. Swann*, 412 F. App'x 672, 673 (5th Cir. 2011) ("In the context of habeas petitions . . . this court has dismissed a petitioner's appeal as moot upon the petitioner's release from custody"). However, there are exceptions to mootness when the noncitizen can show that they would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g., Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

2 / 3

Here, Petitioners brought three claims for relief. (Dkt. 1.) Counts I and II of the petition challenged Petitioners' continued detention as unreasonable and prolonged in violation of constitutional and statutory limits. (*Id.* at 23–24.) Because Petitioners were released from confinement in DHS custody on April 21, 2026, their request for immediate release on these grounds is now moot. Count III of the petition raises the claim that Petitioners removal to an undisclosed third country would violate the Due Process Clause and the Immigration and Nationality Act (INA). (*Id.* at 24–25.) Petitioners request that the Court order Respondents to provide Petitioners and their counsel with written notice if they intend to remove Petitioners to a third country. (*Id.* at 26.) However, the Court refrains from considering the merits of Count III because it appears premature at the current moment. Respondents do not appear to have third countries to which they are actively trying to remove Petitioners nor any countries that have agreed to accept Petitioners. (*See id.* at 24–25.) Therefore, the Court has no remaining claims to consider and cannot grant the requested relief at this time. Petitioners may file another habeas petition with the Court if they are redetained or their circumstances otherwise change.

Accordingly, Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Moot, (Dkt. 25), is **GRANTED**. It is **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** as moot and that all pending motions are terminated.

IT IS SO ORDERED.

SIGNED this June 1, 2026.

Diana Saldaña
United States District Judge